IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| John Mark Shell, ) | |
| ) | |
| ) | Civil Action No. 8:06-0905-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| **)** | **OF MAGISTRATE JUDGE** |
| ) | |
| Greenwood County Detention ) | |
| Center; Sheriff Dan Wideman; ) | |
| Major NFN Anderson; Captain ) | |
| NFN Millaton; and Head Nurse ) | |
| NFN Hudson,[1] ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants Greenwood County Detention Center, Sheriff Dan Wideman, Major NFN Anderson, and Captain NFN Millaton's ("moving defendants'") motion for summary judgment.[2]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 24, 2006, seeking damages for alleged civil rights violations. On August 7, 2006, the moving defendants filed a motion for summary

---

[1] The defendant Head Nurse NFN Hudson was not served until November 11, 2006. Although defendant Hudson has not answered yet, as discussed in this report and recommendation, the undersigned concludes that the plaintiff has failed to state a claim against any of the defendants.

[2] The Court notes that the defendant Captain NFN Millaton is actually Captain Sharon Middleton. (Sharon Middleton Aff. ¶ 2.)

1

judgment. By order filed August 8, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on August 28, 2006.

## **FACTS PRESENTED**

The plaintiff is a pretrial detainee currently housed at the Greenwood County Detention Center ("GCDC"). In his compliant, the plaintiff alleges a claim of medical indifference. Specifically, he alleges that he has a staphylococcus infection which has not been properly treated.

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**SUMMARY JUDGMENT MOTION**

The plaintiff has alleged a medical indifference claim. Initially, the court notes that the GCDC is not a proper defendant in this action. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961). *See also generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well-settled that only "persons" may act under color of state law, and therefore, a defendant in a section 1983 action must qualify as a "person."

The GCDC is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(holding California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)(holding the Piedmont Regional Jail is not a "person" and thus not

3

amenable to suit under § 1983.); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)(holding claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit.). Hence, the GCDC is not a "person" subject to suit under 42 U.S.C. § 1983 and should be dismissed.

The remaining moving defendants, Sheriff Wideman and Major NFN Anderson and Captain NFN Millaton, supervisors at the GCDC, also contend they are entitled to summary judgment because the plaintiff has failed to state any allegations against them and has not alleged any claim under the theory of supervisory liability.

In a § 1983 action, a supervisor is not liable for the acts of an employee, absent an official policy or custom which result in illegal action. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A medical treatment claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Supervisory liability requires that supervisory officials failed promptly to provide an inmate with needed medical care, deliberately interfered with a prison doctor's performance, tacitly authorized or were indifferent to prison physician's constitutional violation. *Milter v. Beon*, 896 F.2d 848 (4th Cir.1990).

To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Here, the plaintiff has failed to allege any facts supporting any of these elements. In fact, the plaintiff did not make any allegations of personal

involvement as to these moving defendants. Thus, the moving defendants cannot be held liable under a respondeat superior theory under § 1983 for the acts of subordinate employees. Accordingly, it is recommended that the moving defendants' summary judgment motion be granted.

**FAILURE TO STATE A CLAIM**

Alternatively, this case should be dismissed as to all defendants for failure to state a claim. This complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. Section 1915(e)(2)(B) provides that a district court may dismiss sua sponte a frivolous in forma pauperis complaint. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[3] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. "Deliberate indifference is a very high standard-in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . nevertheless, mere

---

[3] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(*citing Estelle*, 429 U.S. 97).

negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851.  Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail.  *Estelle*, 429 U.S. 97; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988).   Medical malpractice is not actionable under  § 1983.  *Estelle*, 429 U.S. at 29 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")   Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983.  *Id*.

In his complaint, the plaintiff acknowledges that he was treated for an abscess. (Compl. ¶ at 3.)  However, the plaintiff alleges the doctor misdiagnosed it as an ingrown hair. The plaintiff alleges he sought further treatment after his common-law wife was diagnosed with a staph infection. He alleges a Nurse Beardon told him the doctor would not see him if he did not have another abscess.  (*Id*.; Shell Aff. at 1-2.)  Later, he alleges he again sought treatment after his arm broke out into a rash.  (*Id*. at 4.)  He alleges defendant Nurse Hudson told him she did not want the plaintiff too near to her and that he merely had a rash.  (*Id*.; Shell Aff. at 3.)

The plaintiff has failed to show that he has been denied medical treatment. In fact, plaintiff alleges in his complaint that he has been seen and treated by the medical staff on several occasions.  Thus, even assuming plaintiff's allegations are true as to the treatment he received, the plaintiff has shown nothing more than a disagreement with the medical treatment provided, not that he was denied medical treatment.

Additionally, the plaintiff has not put forth any allegation or evidence that he has suffered anything other that de minimis injury.  The plaintiff states he "know[s] in his heart

that [he] has staphylococcus and . . . that by now it has done some wrong to his body. . . " However, there is no evidence that the plaintiff has ever been diagnosed with a staphylococcus infection. Furthermore, the plaintiff has failed to allege any injury other than a conclusory allegation that he "feel[s] that by now it has done some wrong to [his] body." Without more, the plaintiff has failed to allege a claim of medical indifference.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                     s/Bruce Howe Hendricks
                                                     United States Magistrate Judge

December 6, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).